**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Alice Marie HEAVY RUNNER,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Raymond Montoya, Defendant—
Appellant.**

**No. 01–30449.
D.C. No. CR–01–00050–SEH.**

United States Court of Appeals,
Ninth Circuit.

Submitted * Aug. 8, 2002.

Decided Sept. 26, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HAWKINS and GOULD, Circuit Judges, and WARE,[1] District Judge.

## MEMORANDUM [2]

Raymond Montoya ("Appellant Montoya") appeals the sentence imposed by the district court following his jury convictions for: (1) theft from a health care facility (18 U.S.C. § 669); (2) theft of federal government money (18 U.S.C. § 641); and (3) theft from an Indian tribal organization (18 U.S.C. § 1163). Appellant Montoya contends that the district court erred in: (1) selecting the appropriate offense level for his sentence (U.S.S.G. § 2B1.1); (2) im-

---

1. The Honorable James Ware, District Judge for the Northern District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

properly applying the abuse of trust enhancement to his sentence (U.S.S.G. § 3B1.3); and (3) denying him a downward departure for aberrant behavior (U.S.S.G. § 5K2.20).

Alice Heavy Runner ("Appellant Heavy Runner") also appeals the district court's sentence imposed upon her after her guilty plea to one count of theft from a health care facility (18 U.S.C. § 669). Appellant Heavy Runner contends that the district court erred in (1) applying the abuse of trust enhancement to her sentence (U.S.S.G. § 3B1.3) and (2) relying on evidence and facts outside of the record in enhancing her sentence.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's sentences in both of the above cases.

A. *Abuse of Trust*

U.S.S.G. § 3B1.3 states in pertinent part that:

> If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels.

The application of an abuse of trust enhancement is a mixed question of fact and law and is reviewed *de novo*. *United States v. Medrano*, 241 F.3d 740, 746 (9th Cir.2001). The factual findings upon which such a determination is made, however, are reviewed for clear error. *United States v. Montano*, 250 F.3d 709, 712 (9th Cir.2001). The Application Notes to § 3B1.3 explain that, " 'Public or private trust' refers to a position of public or private trust characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference)." U.S.S.G. § 3B1.3, App. n. 1 (2001). Individuals in positions of trust ordinarily are subject to

significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. *Id.*

This Court explained in *United States v. Hoskins*, 282 F.3d 772, 778 (9th Cir.2002) that a functional analysis of the defendant's relevant job position is necessary in order to ascertain whether it is characterized by the kind of "managerial or professional discretion" that creates the "freedom to commit a difficult-to-detect wrong." *Id.* Similarly in *United States v. Hill*, 915 F.2d 502, 506 (9th Cir.1990), this Court identified two indicia of the existence of such discretionary authority: (1) "the inability of the trustor objectively and expediently to determine the trustee's honesty" and (2) "the ease with which the trustee's activities can be observed."

1. *Appellant Montoya*

■ Appellant Montoya contends that the district court's two level enhancement of his sentence pursuant to U.S.S.G. § 3B1.3 was in error. In the present case, however, the evidence clearly shows that Appellant Montoya occupied a position of trust, while serving as the Nursing Home's Assistant Administrator. Appellant Montoya was the de facto administrator of the Nursing Home. Appellant Montoya clearly possessed the kind of professional and managerial discretion that is referred to in the Guidelines. There was no effective authority figure at the Nursing Home who supervised his actions, nor was there any easy way in which Appellant Montoya's "activities [could] be observed". *See Hill*, 915 F.2d at 506.

Furthermore, Appellant Montoya's claim that he did not abuse his position of trust is meritless. Appellant Montoya argues that the Blackfeet Tribal Council's letter stating that "[Appellant Montoya] has not and did not at any point in time abuse the trust and faith placed in him by the Tribe and the general public" (S.E.R.116) estab-

lishes that he did not abuse his position of trust. But it is irrelevant whether the defendant was personally trusted by the victims of his or her offense. *United States v. Oplinger,* 150 F.3d 1061, 1069 (9th Cir.1998). In light of the fact that Appellant Montoya misappropriated funds for his own personal use that were intended for the benefit of the Nursing Home residents, we affirm the district court's enhancement of Appellant Montoya's sentence pursuant to U.S.S.G. § 3B1.3.

### 2. *Appellant Heavy Runner*

Appellant Heavy Runner also contends that the district court's two level enhancement of her sentence pursuant to U.S.S.G. § 3B1.3 was in error. Appellant Heavy Runner argues that as the Nursing Home's Administrative Assistant she did not occupy a position of trust, nor were her activities sufficiently egregious so as to trigger the enhancement.

■ The evidence in the record demonstrates that Appellant Heavy Runner occupied a position of trust within the Nursing Home. As the Nursing Home's Administrative Assistant, Appellant Heavy Runner was responsible for the overall financial management of the facility. P.S.R. 11. Specifically, Appellant Heavy Runner recorded and analyzed all financial transactions, accounts and accounting data; developed the Nursing Home's budget; prepared vouchers; assisted with reconciling bank statements as directed; and assumed administrative authority, responsibility and accountability for directing the accounting functions of the Nursing Home. Appellant Heavy Runner abused this position of trust by illegally diverting funds into an unauthorized account and using a portion of those funds for her own personal benefit.

The district court's application of U.S.S.G. § 3B1.3 to Appellant Heavy Runner's sentence is affirmed.

### B. *Appellant Montoya's Offense Level*

Appellant Montoya contends that the district court incorrectly calculated the amount of total losses resulting from his theft. The district court based its loss calculation on the total amount of money that was improperly deposited into the unauthorized account, *i.e.,* $30,553.54. A district court's factual findings are reviewed for clear error. *Montano,* 250 F.3d at 712.

The Application Notes to U.S.S.G. § 2B1.1 state in pertinent part that:

> The court need only make a reasonable estimate of the loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference.

U.S.S.G. § 2B1.1 App. n. 2(C).

The Application Notes further state that the estimate of loss shall be based on available information, including the "fair market value of the property unlawfully taken or destroyed." U.S.S.G. § 2B1.1, App. n. 2 (C)(i) (2001).

■ In the present case, the evidence fails to show that the district court erred in its calculation of Appellant Montoya's offense level. Because the entire account was unauthorized by the Blackfeet Tribal Council, all of the money diverted into the illegal account constitutes "property unlawfully taken" from the Blackfeet Tribe as well as the elderly residents of the Nursing Home.

The district court's calculation of Appellant Montoya's offense level is affirmed.

### C. *Aberrant Behavior*

The Application Notes to U.S.S.G. § 5K2.20 define "aberrant behavior" as

A single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life. U.S.S.G. § 5K2.20 App. n. 1.

A district court's discretionary refusal to depart downward is not reviewable on appeal, unless the court believed it lacked the authority to depart. *United States v. Tam*, 240 F.3d 797, 805 (9th Cir.2000).

In this case, the district court clearly knew that it possessed the authority to grant Appellant Montoya a downward departure, but clearly did not believe that such a departure was warranted. The district court did not consider Appellant Montoya's crimes to be a single criminal transaction. *See* U.S.S.G. § 5K2.20; S.E.R. 127. Rather, the district court found that Appellant Montoya's crimes constituted a "series of transactions over an extended period of time." *Id.* Further, the district court did not find that Appellant Montoya's crimes were of limited duration. Instead, the district court concluded that the criminal enterprise endured for several months and that, therefore, no justification existed for such a departure. *Id.* Accordingly, this aspect of the district court's decision is not reviewable. *See Tam* 240 F.3d at 805 ("We lack jurisdiction to review a district court's decision not to grant a discretionary downward departure absent evidence that the district court believed it lacked the authority to do so.").

D. *Due Process*

Lastly, Appellant Heavy Runner asserts that the district court violated her constitutional right to due process by relying upon information and evidence obtained in the trial of Appellant Heavy Runner's co-defendant, Appellant Montoya, in enhancing her sentence for an abuse of trust.

Constitutional issues relating to due process and confrontation are reviewed *de novo*. *United States v. Saya*, 247 F.3d 929, 937 (9th Cir.2001).

In the present case, the record is clear that the district court did not rely upon any information and/or evidence outside of Appellant Heavy Runner's own case in applying the enhancement to her sentence. There is no evidence in the record of the district court relying upon facts other than those contained within Appellant Heavy Runner's own case. Therefore, the district court did not infringe upon Appellant Heavy Runner's due process rights and the district court's sentence is affirmed.

**AFFIRMED.**